. The State of Iowa *v.* Guyer.

Where in a criminal case, a wife is introduced as a witness in favor of
her husband, under section 2391 of the Code, it is error for the court
to instruct the jury, that " her testimony, at all events, should be re-
ceived with great caution."

In such cases, the testimony of the wife is to be received, and her credibility
tested, by the same rules which apply to all other witnesses.

*Appeal from the Lee District Court.*

· Saturday, June 20.

Indictment for Larceny.   The prisoner was tried, con-
victed and sentenced to the penitentiary for five years, and
now prosecutes this appeal.   For the facts, see the opinion
of the court.

*F. Semple,* for the appellant.

. *S. A. Rice,* Att'y General, for the State.

Wright, C. J.:—The wife of the prisoner was introduced
by him as a witness, and in relation to her testimony, the
court instructed the jury as follows :   " Although the law
permits the wife to testify for her husband, in a criminal
prosecution, yet the jury are not bound to believe her tes-
timony ; if they see proper to disregard it, they have the
right so to do.   Her testimony, at all events, should be re-
ceived *with great caution.*   And if, under suspicious cir-
cumstances, and against established facts by other compe-
tent testimony, they ought to give it but little weight, or
wholly disregard it."   To this instruction, the defendant
excepted.

The testimony of the wife was competent, under section
2391 of the Code, which provides that, " the husband can
in no case, be a witness against the wife, nor the wife
against the husband, except in a criminal proceeding for a
crime committed by the one against the other ; but they

may, in all criminal prosecutions, be witnesses for each other."

We think this instruction would be correct, but for the use of the words, that "*her testimony, at all events, should be received with great caution.*" As shown, the law makes her a competent witness. Her credibility, however, is to be judged by the jury. We do not think, however, that she is necessarily to be treated as a witness testifying under suspicious circumstances; nor that the jury should, because of her relation to the prisoner, receive her testimony with great caution. As to all witnesses, the jury are to judge of their credibility; and this they do, by reference to their intelligence, consistency and means of information. If the witness is related to the party for whom he testifies, this fact is also to be taken into consideration, and due weight should be given to the feeling and bias which may naturally be supposed to exist, as the result of such relationship. All of these circumstances, as well as others—as, for instance, the appearance and manner of the witness upon the stand—his manifestations of feeling or interest in the result of the cause—are proper for the consideration of the jury; and with this duty there should be no interference. But while this is true—and while the jury may not be bound to believe a witness, and may disregard his testimony—they are not to disbelieve or disregard testimony captiously, without cause, at their own uncontrolled and unreasonable discretion. In such matters, a wide latitude is wisely given them; but they have no right to disregard the testimony of a witness who stands in every respect unimpeached, and who shows that he has the means of information, and speaks intelligently and consistently. This much we have deemed it proper to say, at this time, to explain what is meant when it is said, that the jury have the right to disbelieve a witness, or entirely disregard his testimony.

As to the testimony of the wife, we think the proper view of her credibility is this: She is to be received, and her credibilty to be tested, by the same rules which apply to all other witnesses. The father is a competent witness

for the son—the son for the father—the brother for the brother; but the fact that they are related may, properly, be considered by the jury, in giving weight to their testimony. So, the wife is made competent in criminal cases for the husband, but her feelings and bias in favor of her husband, and her natural anxiety that he shall be acquitted, may most appropriately be considered, in judging of her credibility. But to say that, in the first instance, her testimony is to be received with *great caution*—without regard to her manner upon the stand, the consistency of her story, or its agreement with other testimony from other witnesses—we think, is to brand her with suspicion in advance, to an extent not contemplated nor warranted by the law. The jury should weigh well and carefully the testimony given by her, as well as all other witnesses, and give to it such force or influence as, in their reasonable opinion, it should have, under all the circumstances. But if, to start with, they are—whatever her manner, or however consistent her story—to be upon their guard, and exercise *great caution*, in receiving her testimony, instead of judging of its credibility by the same rules which govern them as to all other witnesses, it must be readily seen that this provision of the Code—this change of the common law rule—would have but little practical effect.

We conclude, therefore, that this portion of the instruction was calculated to produce a wrong impression, and to weaken the testimony of the witness, to an extent which would be unfair and unjust to the rights of the prisoner. And for this cause, without passing upon the other errors assigned, the judgment is reversed, and a trial *de novo* awarded.