THE STATE OF IOWA *v.* RANKIN.

The testimony of a wife, when called as a witness on the part of her husband, in a criminal case, is not to be marked and distinguished from that of other witnesses; she is entitled to be regarded as others are, and to stand free and unembarrassed upon her own character.

Where in a criminal case, in which the wife was called as a witness, and testified on the part of her husband, the court instructed the jury as follows: " The law permits the wife to testify for her husband in a criminal cause, but her peculiar relation to her husband, renders it incumbent on the jury to examine her testimony with peculiar care and caution, and if, from the whole testimony, they are satisfied that what she said is true, they should give her testimony the credit of any other witness. But if, from her testimony, taken together with that of other credible witnesses, the jury are satisfied that what she said was false, they should reject it altogether; *Held*, That the instruction was erroneous.

*Appeal from the DesMoines District Court.*

SATURDAY, APRIL 16.

INDICTMENT for assault with intent to kill.  On the trial, the prosecution called as witnesses, E. C. Hall, Abial Hall, and Maria Hall, who testified against the defendant. The wife of the defendant was then introduced on his part, whose testimony differed materially from theirs.  She was the daughter of E. C. Hall, and the sister of the other witnesses.

The court instructed the jury as follows:  " The law permits the wife to testify for her husband in a criminal cause, but her peculiar relation to her husband, renders it incum-

bent upon the jury to examine her testimony with peculiar care and caution; and if, from the whole testimony, they are satisfied that what she said is true, they should give her testimony the credit of any other witness. But if, from her testimony, taken together with that of other credible witnesses, the jury are satisfied that what she said was false, they should reject it altogether."

The defendant excepted to this instruction. A verdict of guilty was rendered, and he appeals.

*Browning & Tracy*, for the appellant.

*S. A. Rice*, Attorney General, for the state.

WOODWARD, J.*—We think this instruction should not have been given. It is very similar to that in *The State* v. *Guyer*, 6 Iowa, 263, which this court held erroneous. No essential difference between them is perceived. The testimony of a wife is not to be thus marked and distinguished, from that of other witnesses. She should not be thus subjected to suspicion. Her relation to the defendant is, of itself, sufficiently calculated to excite this, and such remarks from the court, go to the jury with great weight, and add unjustly to the burden which that relation puts upon her. She is entitled to be regarded as others are, and to stand free and unembarrassed, upon her own character. And this is a right of the defendant, also. When the law made her a witness, it placed her upon the stand just as it places others there.

The instruction is the more noticeable, as the other witnesses were of her own family, and thus standing between these near relatives and her husband, there was a more than usual presumption of uprightness.

Besides these considerations, the instruction requires that

---

*WRIGHT, C. J., dissenting.

she should be supported by the evidence of others, before she can be believed. We might say, that it takes away all weight from her testimony, when taken alone. If, from the whole of the testimony, taken together, they are satisfied that what she says is true, they should give her testimony the credit of any other witness. What does this mean, but that they are to look away from her, first, to see if she is supported by the others? What weight does this leave for her evidence where, as in this case, she is opposed by others? It leaves it a perfect blank; so that it would be futile to offer her testimony, in the very cases where it is most wanted—that is, where she differs from the others, or where the defendant wishes to contradict them.

The instruction should not have been given, and the judgment must be reversed, and the cause remanded.

WRIGHT, C. J., *dissenting*.—With some hesitation, I wrote and concurred in the opinion delivered in the case of *The State* v. *Guyer*, 6 Iowa, 263. Subsequent thought has not strengthened by confidence in its correctness. I do not say that I now believe it to be incorrect, but I am not prepared to go beyond the principles and rules there recognized. The above conclusions of the majority does this, as I think, and therefore I cannot concur.

I do not understand that the instruction recognizes the rule that the wife is to be supported by other evidence, before she is to be believed. While the first part of the charge, is not clothed in so objectionable language as in the case of *The State* v. *Guyer*, and while I should hesitate very much in holding it erroneous, I think all chance for prejudice is removed, by taking the instruction and considering it as a whole. I construe it thus: "The wife stands in a peculiar relation to the husband, and by reason of this relation, her testimony should be examined with peculiar care and caution. It is to be taken and considered, however, with all the other testimony, and when thus examined, is to be re-

ceived or rejected, according as it may be believed to be true or false. Thus construed, I cannot regard it liable to any fair or reasonable objection. Jurors examine the testimony of all witnesses in this way, so far at least, as to compare that objected to, with all that may be offered, in arriving at truth. In this view, (and I cannot treat it otherwise), the instruction is relieved of the objectionable features found in the Guyer case, and is not erroneous.