THE STATE v. BERNARD.

1. **Evidence**: TESTIMONY OF WIFE: CRIMINAL LAW. The testimony of
   ·a wife in behalf of her husband in a criminal case is to be received, and
   her credibility is to be tested by the same rules which apply to all other
   witnesses, and it is error to. instruct the jury that her testimony should
   be examined with peculiar care.

*Appeal from Buchanan District Court.*

WEDNESDAY, DECEMBER 13.

THE defendant was indicted and convicted of grand larceny,
and sentenced to the penitentiary for two years and four
months. From this judgment he now prosecutes his appeal.

*Bruckart & Ney* and *Jamison & Begun*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J. Upon the trial of the cause in the court below,
the wife of defendant testified to material facts in his behalf.
The court gave the following instruction to guide the jury in
the consideration of her evidence:

"4th. The laws of Iowa permit the wife to testify for her
husband in a criminal case, but her peculiar relations to her
husband render it incumbent on the jury to
examine her testimony with peculiar care, and if,
from the testimony, they are satisfied that what
she said is true, they should give her testimony the credit of
any other witness. But if, from the testimony, taken together
with that of other creditable witnesses or witness, the jury are
satisfied that what she said is false, or that she was mistaken,
then the jury are at liberty to reject it altogether."

This instruction is almost an exact copy of the one held
erroneous in the *State v. Rankin*, 8 Iowa, 355. The language
of the two and the effect to be given thereto are substantially
the same. The instruction given in this case must, upon the
authority of that decision, be held erroneous.

The rule announced in the *State v. Rankin*, which follows

*The State v. Guyer*, 6 Iowa, 263, is that the testimony of a wife in behalf of her husband is to be received, and her credibility to be tested by the same rules which apply to all other witnesses. Her credibility, of course, is to be considered and weighed in view of her peculiar relation to the person on trial. But *peculiar care* is not to be exercised in weighing her testimony. That degree of high care which the law and the consciences of the jury require to be exercised in considering the evidence of all witnesses, should be applied to her testimony, and no other or different. There is no *peculiar care* to be brought into exercise when her evidence is weighed.

The instruction clearly tended to impair the wife's credibility in the minds of the jury, by leading them in search of tests and rules to be applied to her evidence in order to determine her credibility, which are unknown to the law and not recognized by sound reason. It was, therefore, prejudicial to defendant.

Other points in the case raised by the defendant need not be considered, as the judgment for the error pointed out must be

REVERSED.